IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                                                           PLAINTIFF

v.                                            Civil No. 2:25-cv-02049-TLB-MEF

LINDA DUVALL
(Trial Court Administrator for Judge McCain);
CARIN VAUGH
(Trial Court Administrator for Judge Dunham);
ALESHA PRINGNITZ;
(Trial Court Administrator for Judge Patterson);
ERICKA EMBERSON
(Trial Court Administrator for Judge Ken Coker)                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint to initiate this action on May 9, 2025.  (ECF No. 1).  For his first claim, Plaintiff alleges that he is:

> unable to effectively litigate in Johnson County Circuit Court. Every case I file doesn't progress and is practically halted because no judges act on them.  The TCA's[2] failure to ensure a judge gets my case file is prejudicial.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] The Court will interpret this abbreviation to stand for Trial Court Administrators.

1

(*Id*. at 4-5). Plaintiff further alleges that he has been unable to pursue any case he files because the cases "do not progress." He alleges that several have been "pending for months with no activity." (*Id*. at 5). Plaintiff alleges that due to his "conflict status" with the judges in Johnson County, the "TCA's refusal to forward the cases so the judge can recuse and start the process of assigning a special judge" violates his due process as he is not being treated as a regular *pro se* litigant. (*Id*. at 6). Plaintiff names all Defendants for this claim. (*Id*. at 4). He proceeds against them in their official and individual capacities. (*Id*. at 5).

For his second claim, Plaintiff names Defendant Emberson. (ECF No. 1 at 7). Plaintiff alleges Defendant Emberson prevented him from appearing, either in person or by video conference, for a civil case, resulting in the dismissal of that case and the assessment of attorney's fees against him. (*Id*. at 7-8). Specifically, he alleges that Defendant Emberson "purposefully failed to notify the respective Judge Hon. Gary Arnold (Ret.) that Plaintiff was incarcerated." (*Id*. at 8). He alleges that Defendant Emberson "has developed a widespread practice of hindering incarcerated individuals' ability to appear for court by purposely failing to notify her respective judge." (*Id*.). Plaintiff proceeds against Defendant Emberson in her official and individual capacity. (*Id*. at 9).

The Court notes that Plaintiff alleges he "notified the state court" of his arrest, but he does not provide any specific details as to that notification. Plaintiff provided a case citation of 36CV-24-33 for the case in question. Review of the state court docket for that case indicates Plaintiff filed a Notice that he was incarcerated the day of the status hearing with the Hon. Gary Arnold. It was postmarked on June 24, 2024, three days prior to the hearing on June 27, 2024.[3] In his

---

[3] Information publicly available at SearchAR Courts. Last accessed June 9, 2025.

Complaint, Plaintiff alleges that he was arrested over a month prior on May 14, 2024. (ECF No. 1 at 8). Thus, it appears that Plaintiff waited for over a month to attempt to inform the judge in his civil case that he was incarcerated. Based on the speed with which the Notice was filed after mailing, there is no evidence of any delay in that filing. The lawsuit was dismissed on July 1, 2024. Although the Order noted Plaintiff's failure to appear, the case was dismissed because it was "frivolous in nature and serves no purpose other than to harass the Defendants." It was dismissed for failure to state facts upon which relief can be granted under Arkansas Rule of Civil Procedure 12(b)(6).

Plaintiff seeks punitive damages. (ECF No. 1 at 11). He also seeks "to prevent defendants from future misconduct of not having my cases progressed." (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint, however, must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Defendants are court clerks, and are therefore, immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotation marks and citation omitted). *See also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity). Plaintiff's allegations against Defendants concern their processing of case paperwork as court clerks. As such, they are immune from suit.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE